UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TODD JAMES BROXMEYER,          )
                               )
              Petitioner,      )
                               )
v.                             )     CIVIL ACTION No. 2:18-cv-240
                               )
L. RAY ORMOND, Warden,         )
                               )
              Respondent.      )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In this action under 28 U.S.C. § 2241, Petitioner Todd James Broxmeyer seeks a Writ of Habeas Corpus on the grounds that his current sentence was imposed in violation of his due process rights under the Constitution. He argues that the trial court's use of "uncharged, dismissed and acquitted conduct" in calculating his Sentencing Guidelines range is unconstitutional under the Supreme Court's decision in Nelson v. Colorado, 137 S. Ct. 1249 (2017). He seeks a new sentence that excludes consideration of such conduct.

Respondent filed a Motion to Dismiss, (ECF No. 13), and included the notice to pro se plaintiffs required under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K). Respondent argues that this court lacks jurisdiction because Broxmeyer has not identified a substantive change in law entitling him to invoke the "savings clause" of 28 U.S.C. § 2255(e). As explained below, the undersigned finds that this court lacks

1

jurisdiction over Broxmeyer's Petition and therefore recommends the court DISMISS his application.

## I. <u>Statement of the Case</u>

In September 2008, a jury in the United States District Court for the Northern District of New York convicted Broxmeyer on five counts, specifically: Production of child pornography (counts one and two), attempted production of child pornography (count three), transportation of a minor across state lines with the intent to engage in criminal sexual activity (count four), and possession of child pornography (count five). <u>United States v. Broxmeyer</u> (<u>Broxmeyer I</u>), 616 F.3d 120, 123 (2d Cir. 2010). At the close of the government's case-in-chief, Broxmeyer moved for acquittal on counts one, two, and four pursuant to Federal Rule of Criminal Procedure 29(a). <u>Id.</u> The district court denied the motion as to count four and reserved judgment as to counts one and two. <u>Id.</u> A week after his conviction, Broxmeyer moved for judgment of acquittal on all counts under Rule 29(c), or in the alternative for a new trial under Rule 33(a). <u>Id.</u> The district court denied the motion in full by written order dated November 4, 2008. <u>Id.</u>

On April 2, 2009, the district court sentenced Broxmeyer to concurrent terms of 360 months imprisonment on each of counts one, two, and three; 480 months on count four; and 120 months on count five. <u>Id.</u> Broxmeyer appealed his conviction to the Second Circuit, challenging the sufficiency of the evidence on the counts of

production of child pornography and the transportation count. Id.
The Second Circuit agreed that the evidence on these counts was
insufficient and therefore vacated those convictions and remanded
for resentencing on the two remaining counts (attempted production
and possession of child pornography). Id. at 122-23.

On remand, the trial judge calculated a new advisory
Guidelines sentence using the remaining convictions as follows:

> With respect to the attempted production count of
> conviction, a base offense level of 32 was enhanced two
> levels for distribution of child pornography, two levels
> for abuse of a position of trust, and two levels for
> using a minor to commit the crime, to yield an adjusted
> offense level of 38.
> With respect to the possession count of conviction,
> a base offense level of 18 was enhanced five levels for
> distribution of child pornography, five levels for
> defendant's pattern of sexual abuse or exploitation of
> minors, two levels for storing the images on a computer,
> and two levels for possession of more than 10 but fewer
> than 150 images of child pornography, to yield an
> adjusted offense level of 32.

United States v. Broxmeyer (Broxmeyer II), 699 F.3d 265, 274 n.10
(2d Cir. 2012) (internal citations omitted).[1] The Sentencing
Guidelines' grouping rules produced a combined adjusted offense
level of 39. Id. The court then applied a five-level enhancement
because the attempted production conviction was a covered sex crime

---

[1] The district court relied on the 2008 Sentencing Guidelines
Manual to calculate the applicable sentencing range. Broxmeyer II,
699 F.3d at 274 n.10. The base offense levels and enhancements are
unchanged in the current Guidelines. Compare id., with U.S.S.G. §§
2G2.1, 2G2.2, 3B1.4, 3D1.1, 3D1.4, 4B1.5.

and because Broxmeyer had "engaged in a pattern of activity involving prohibited sexual conduct." Id.; see U.S.S.G. § 4B1.5. The court treated the calculated offense level of 44 as a total offense level of 43, the highest recognized in the Guidelines. Broxmeyer II, 699 F.3d at 274 n.10; see U.S.S.G. Ch. 5, Pt. A, application note 2.

The resulting advisory Guideline sentence was life incarceration. Broxmeyer II, 699 F.3d at 274. Because the statutory maximum sentence was 40 years (via consecutive 30- and 10-year sentences on the attempted production and possession convictions, respectively), that became the Guidelines sentence. Id. This functionally left the district court with a sentencing range between the statutory 15-year minimum and the 40-year maximum. Id.; see United States v. Booker, 543 U.S. 220, 245 (2005) (invalidating provision making Sentencing Guidelines mandatory).

Broxmeyer raised several objections to the Guidelines calculation. As he had at the time of his original sentencing, Broxmeyer disputed the allegations of sexual assault contained in the Pre-Sentence Report ("PSR") and attempted to minimize the seriousness of certain trial evidence. Broxmeyer II, 699 F.3d at 275. The district court noted that it had already ruled on the PSR objections during the original sentencing proceedings and that nothing had changed since then. Id. Broxmeyer raised a due process challenge to the court's reliance on the "untried allegations of

sexual misconduct reported in the original PSR," which the court rejected. Id. at 276. It nonetheless gave Broxmeyer the opportunity to renew his individual objections, but he declined to do so. Id. He requested only a ruling on his objections to the PSR's Guidelines calculations, which the court summarily rejected. Id.

The district court ultimately imposed the same 360-month sentence on count three and 120-month sentence on count five as it had originally, running concurrently. Id. at 277. It explained that the sentence was based on the seriousness of the "sexting" behavior even without consideration of the other conduct, given Broxmeyer's position as a supposed mentor and guardian to the victims. Id. It also found by a preponderance of the evidence that Broxmeyer had assaulted teenagers in his care. Id. at 277-78.

Broxmeyer appealed this new sentence, arguing that it suffered from procedural error and was substantively unreasonable. Id. The Second Circuit rejected his appeal in a 2-1 decision, id., and a divided poll later denied rehearing en banc, United States v. Broxmeyer (Broxmeyer III), 708 F.3d 103 (2d Cir. 2013). The Supreme Court denied certiorari. Broxmeyer v. United States, 569 U.S. 1025 (2013).

Broxmeyer thereafter filed a § 2255 motion to vacate his convictions, or in the alternative to correct his sentence. United States v. Broxmeyer (Broxmeyer IV), No. 3:08-CR-21, 2015 WL 13723067 (N.D.N.Y. Mar. 23, 2015). He raised several claims of

ineffective assistance of counsel, including his appellate counsel's alleged failure to object to factual findings in the PSR during his resentencing proceedings. See id. at *5-6. The district court denied his motions and the court of appeals affirmed that judgment. Broxmeyer v. United States (Broxmeyer V), 661 F. App'x 744 (2d Cir. Sept. 29, 2016), cert. denied, 137 S. Ct. 2106 (2017).

## II. Legal Standard

28 U.S.C. § 2255 provides the intended vehicle by which federal prisoners may seek to challenge their convictions or sentences by collateral attack. See Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (Per curiam). A prisoner may pursue relief under 28 U.S.C. § 2241 only when § 2255 is "inadequate or ineffective to test the legality of ... detention." Rice, 617 F.3d at 807; § 2255(e). A prisoner's mere inability to obtain relief under § 2255 does not render that provision "inadequate or ineffective." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000).

The "savings clause" in § 2255(e) permits federal prisoners to proceed under § 2241 in certain narrow circumstances. See In re Jones, 226 F.3d at 333-34 (permitting prisoners to challenge convictions via § 2241 if later change in law renders conduct underlying the conviction no longer criminal). While the three-part test from In re Jones only permitted challenges to convictions, the Fourth Circuit recently expanded the scope of the savings clause to permit challenges of certain serious sentencing

6

defects. See United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), cert. denied, 2019 WL 1231947 (Mar. 18, 2019). Under Wheeler, § 2255 is inadequate and ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429. Because Broxmeyer is challenging only his sentence, rather than his underlying convictions, Wheeler provides the relevant test.

The savings clause in § 2255(e) is jurisdictional. Id. at 423. As such, this court lacks subject matter jurisdiction over Broxmeyer's challenge unless all four elements of the Wheeler test are satisfied.

### III. Recommended Conclusions of Law

This Report concludes that the court is without jurisdiction to consider Broxmeyer's claims. Examining the elements of the Wheeler test, Broxmeyer cannot satisfy step two because he has not identified any substantive change in law that would affect the legality of his sentence. Contrary to his suggestion, Nelson did not announce a new rule made retroactive on collateral review that

7

would invite the type of due process challenge to his sentence that Broxmeyer asserts.

The analysis that follows assumes that step one in the Wheeler test is satisfied—that is, it assumes the settled law of the circuit established the legality of Broxmeyer's sentence at the time of sentencing. This bears mentioning as Broxmeyer's citations to cases predating his sentencing, as well as the dissenting opinions from his direct appeals, suggest that he does not consider the pre-Nelson law "settled." See Pet. 4 (ECF No. 1 at 3) (citing Broxmeyer II, 699 F.3d at 298 (Jacobs, C.J., dissenting); and Broxmeyer III, 708 F.3d at 140 (Jacobs, C.J., dissenting)); Pet'r's Mem. Supp. § 2241 Mot. 7 (ECF No. 7 at 5) (citing Johnson v. Mississippi, 486 U.S. 578 (1988); and United States v. Watts, 519 U.S. 148 (1997)). Indeed, among the arguments Broxmeyer advanced in the direct appeal challenging his sentence, and most relevant to his petition in this court, was that his new sentence was substantively unreasonable because it "assigned undue weight to untested aggravating allegations of sexual misconduct while failing to give sufficient weight to mitigating factors." Broxmeyer II, 699 F.3d at 289. But the panel majority soundly rejected this contention and recounted those "allegations" in detail. See id. at 271-74 (describing evidence of sexual misconduct by Broxmeyer not included in the crimes of conviction).

8

Responding to the dissent, the majority wrote that a contrary "view of sentencing," where sentencing judges "confin[e] the matters considered to the evidence supporting the crimes of conviction ... has no place in our jurisprudence." Id. at 269. It cited the "venerable ... rule of sentencing" dictating that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Id. at 268 (alteration in original) (quoting 18 U.S.C. § 3661); see also Pepper v. United States, 562 U.S. 476, 488 (2011) (explaining that sentencing courts are permitted to "consider the widest possible breadth of information about a defendant"); Watts, 519 U.S. at 156 (reaffirming that "application of the preponderance standard at sentencing generally satisfies due process"); United States v. Grubbs, 585 F.3d 793, 798-99 (4th Cir. 2009). These precedents clearly establish a "settled" rule permitting courts to consider uncharged or acquitted conduct at sentencing. Moreover, the Second Circuit's opinion rejecting Broxmeyer's second appeal conclusively establishes the settled rule in his case. The question here is whether Nelson reversed or otherwise changed this prevailing rule. This Report concludes that Nelson made no such change and is in fact inapplicable to this case.

9

The petitioners in Nelson both had Colorado state convictions overturned after their trials. 137 S. Ct. at 1252-53. Both moved for the return of funds they had paid for court costs, fees, and restitution, refunds authorized under Colorado's Compensation for Certain Exonerated Persons statute ("the Exoneration Act"). Id. at 1254; see Colo. Rev. Stat. §§ 13-65-101, -102, -103. The Exoneration Act provided a civil claim for relief for innocent persons who were wrongly convicted, permitting them to recoup compensation for time served and any fines, costs, or restitution paid because of that wrongful conviction. Nelson, 137 S. Ct. at 1254. To recover those funds, however, individuals had to prove their innocence by clear and convincing evidence. Id. at 1255.

The Supreme Court held that placing this burden of proof on individuals who, their convictions having been overturned, were "presumed innocent," violated the Fourteenth Amendment's guarantee of due process. Id. at 1252. Applying the procedural due process analysis of Mathews v. Eldridge, 424 U.S. 319 (1976),[2] the Court stated that the petitioners had an "obvious interest" in regaining the money but faced a serious "risk of erroneous deprivation" because of the high burden of proof. Nelson, 137 S. Ct. at 1255-

---

[2] Justice Alito agreed that the Exoneration Act was invalid but wrote that the proper analytical framework came from Medina v. California, 505 U.S. 437 (1992). Nelson, 137 S. Ct. at 1258 (Alito, J., concurring in the judgment).

56. By contrast, "Colorado has no interest in withholding from [petitioners] money to which the State currently has zero claim of right." Id. at 1257. Balancing these interests, the Court held that "a State may not impose anything more than minimal procedures on the refund of exactions dependent upon a conviction subsequently invalidated." Id. at 1258.

Nelson's holding is much narrower than Broxmeyer makes it out to be in his petition. While the Supreme Court repeatedly emphasized that, in the absence of a conviction, the petitioners were "presumed innocent," see id. at 1252, 1254, 1256, it did so to highlight that Colorado had no right to continued possession of their money, see id. at 1257. Tellingly, the Court distinguished between a claim under the Exoneration Act for return of funds paid by a wrongfully convicted defendant, such as fees or restitution, and an affirmative claim for compensation for wrongful deprivation of liberty. See id. at 1257. The latter may involve different interests under the Eldridge balancing test and therefore permit additional procedural requirements, but it was not at issue in Nelson. See id.

Even if one analogizes the Nelson petitioners' interest in return of their funds to Broxmeyer's liberty interest (that is, his interest in receiving the shortest possible term of imprisonment), Nelson remains unhelpful. Whereas Colorado had no basis to maintain a sanction on the Nelson petitioners once their

11

convictions were overturned, Broxmeyer faced a statutory maximum of 40 years imprisonment on two valid criminal convictions. Nothing the district court considered beyond the crimes of conviction could increase that maximum; such considerations only informed the district court's broad discretion in setting an appropriate sentence within the statutory range. See Pepper, 562 U.S. at 480. "As far as the law is concerned," sentencing judges are free to "disregard the Guidelines" and impose sentences within the statutory range in the absence of other findings. Rita v. United States, 551 U.S. 338, 353 (2007); see also United State v. Fisher, 502 F.3d 293, 305 (3d Cir. 2007). The Second Circuit, in denying Broxmeyer's request for en banc rehearing on his sentencing appeal, explained:

> A sentencing judge does not consider this broad range of information to punish a defendant for conduct other than the crime of conviction. Rather, a sentencing judge properly considers such information to assess the real seriousness of the offense of conviction; to understand the history and characteristics of the defendant; and to fashion a sentence that provides just punishment, protects the public, and deters the defendant from further criminal conduct.

Broxmeyer III, 708 F.3d at 135.

Nelson did not change this rule and thus has nothing to do with the legality of Broxmeyer's sentence. The opinion made no mention of the Sentencing Guidelines nor any prior Supreme Court precedent related to the use of conduct other than the crime of conviction in sentencing. It did not create any retroactive rule

as might affect the continuing legality of Broxmeyer's sentence and detention. See, e.g., United States v. McShan, 757 F. App'x 454, 466-67 (6th Cir. 2018) ("Nelson did not implicate the Guidelines."), petition for cert. filed, No. 18-8827 (U.S. Apr. 10, 2019); Proshak v. United States, No. 2:13-cr-264, 2018 WL 6137142, at *2 (C.D. Cal. Sept. 6, 2018) ("Nelson did not discuss the use of relevant conduct at sentencing."); Rossignol v. United States, No. 1:14-cr-33, 2018 WL 3340570, at *3 (D. Maine July 6, 2018) ("[E]ven if the Court were to assume that Nelson applies retroactively ... the Court's holding in Nelson does not support Petitioner's claim for relief."), R&R adopted, 2019 WL 237379 (D. Maine Jan. 16, 2019). Because Broxmeyer has not identified a retroactive change in law implicating the legality of his sentence, he cannot satisfy the jurisdictional requirements to invoke the savings clause of § 2255 under Wheeler.

## Conclusion

For the foregoing reasons, the undersigned concludes that this court lacks jurisdiction to review Broxmeyer's petition. This Report therefore recommends the court GRANT Respondent's Motion to Dismiss, (ECF No. 13), and DISMISS the petition without prejudice.

## Review Procedure

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of service of this report on the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
April 22, 2019

**Clerk's Mailing Certificate**

A copy of the foregoing Report and Recommendation was mailed this date to:

**Todd James Broxmeyer**
No. 14756-052
FCI Petersburg Low
P.O. Box 1000
Petersburg, Virginia 23804

and an electronic copy was provided to:

**Dee Mullarkey Sterling**
Assistant United States Attorney
United States Attorney's Office
721 Lakefront Commons, Suite 300
Fountain Plaza Three
Newport News, Virginia 23606

Fernando Galindo, Clerk

By _____
Deputy Clerk

April 22 _____, 2019